UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN H. SCHENKING, Executor of the Estate of KATHLEEN SCHENKING, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 1:04-CV-269-TS ) |
| THOMAS STOY d/b/a STOY FARMS; KEN STOY d/b/a STOY FARMS; KEVIN STOY d/b/a STOY FARMS; LARRY STOY d/b/a STOY FARMS; GLENN E. WOLFE; ASHLEY VALLEY FARMS; and STEUBEN AGRA, LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Partial Summary Judgment that Defendant Glenn E. Wolfe is Negligent [DE 39], filed on June 6, 2005. Defendant Wolfe filed a response on July 6, 2005. The Plaintiff has not filed a reply.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Local Rule 56.1 sets forth the non-moving party's responsibility with greater specificity:

> In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

N.D. Ind. L.R. 56.1(b). Thus, to the extent a non-moving party fails to object to the moving party's statement of material facts, this Court will construe the non-moving party's silence as admissions and take the uncontested facts from the movant's brief as admitted to exist without controversy. *See Bradley v. Work*, 154 F.3d 704, 707–08 (7th Cir. 1998) (citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir.1994) (collecting cases where we have "repeatedly upheld the strict enforcement" of Local Rule 56.1 and its ilk); *Kunik v. Racine County*, 106 F.3d 168, 174 (7th Cir.1997); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

## FACTS

Resolving all genuine disputes and drawing all reasonable inferences in Defendant Wolfe's favor, the facts assumed to be true for purposes of ruling on the Plaintiff's Motion for Partial Summary Judgment are as follows.

On November 26, 2003, Plaintiff John H. Schenking was driving a Ford F250 truck northbound on State Route 327 in Steuben County, Indiana. Decedent Kathleen Schenking, the Plaintiff's wife, was sitting in the front passenger's seat. At the same time, Defendant Glenn Wolfe

was traveling southbound on the same road, in a 1986 Freightliner with a dump trailer attached. The trailer was loaded with corn.

Mr. Schenking was approaching a curve in the road when he saw the Defendant's truck approaching. As Wolfe came around the curve, he felt the truck wiggle. Wolfe's truck slid across the centerline into the left lane and his truck and trailer "just flopped over on its side." Mr. Schenking saw this happening in front of him and tried to avoid a collision. It appeared to him that it was safer to turn across the road, to the left, rather than leave the road on the right. Despite Mr. Shenking's efforts, his truck and Wolfe's trailer collided. Mrs. Schenking died at the scene as a result of injuries she incurred in the collision.

The posted speed limit in the area of the accident was 55 miles per hour. When Wolfe approached the curve, he was traveling at 45 to 50 miles per hour and slowing down. His "Jake Brake"[1] was on. The tractor and trailer were not defective. On the day of the collision, Wolfe was in good health. He was not on any medications nor was he under the influence of any alcohol or drugs.

The Plaintiff is the duly appointed representative of and Executor of his wife's estate. The Plaintiff filed this civil suit for wrongful death against the Defendants listed in the caption above on July 13, 2004. He filed an amended complaint on January 5, 2005, and a second amended complaint on April 26, 2005.

**ANALYSIS**

---

[1] Defendant Wolfe describes his truck's Jake Brake as "an engine brake that you turn it on and it only works when the truck is at an idle, and it just holds exhaust valves open so all the compression goes out the exhaust." The Jake Brake is turned on and off by a toggle switch on the dash.

The Plaintiff claims that the pleadings and depositions on file show that there is no genuine issue of material fact as to whether Defendant Wolfe is liable. The Plaintiff states that Defendant Wolfe's actions constitute negligence *per se* under Indiana Code Section 9-21-8-2 and that he is therefore liable for damages arising from Kathleen Schenking's wrongful death. That section of the Indiana Code reads:

**9-21-8-2 Roadways; use of right half; exceptions; traveling at reduced speeds**

Chapter 8. Vehicle Operation

Sec. 2. (a) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

    (1)    When overtaking and passing another vehicle proceeding in the same direction under the rules governing overtaking and passing.

    (2)    When the right half of a roadway is closed to traffic under construction or repair.

    (3)    Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable to a roadway divided into three (3) marked lanes.

    (4)    Upon a roadway designated and signposted for one-way traffic.

(b) Upon all roadways, a vehicle proceeding at less than the normal speed of traffic at the time and place under the conditions then existing shall be driven:

    (1)    in the right-hand lane then available for traffic; or

    (2)    as close as practicable to the right-hand curb or edge of the roadway;

except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

The Plaintiff cites an Indiana Supreme Court case from 1941 for the proposition that a violation of this statute constitutes negligence *per se* and makes Defendant Wolfe, as the driver, liable for damages therefrom. *See Jones v. Cary*, 219 Ind. 268, 283 (Ind. 1941); *see also French v. Bristol*

5

*Myers Co.*, 574 N.E.2d 940, 943 (Ind. Ct. App. 1991) ("The unexcused or unjustified violation of a duty proscribed by a statute or ordinance constitutes negligence *per se* if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation.").

In response, Defendant Wolfe argues that summary judgment is not appropriate in this case, as the facts allow for many reasonable inferences. (Def.'s Resp. at 3 (citing *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004) ("Summary judgment is inappropriate when alternative inferences can be drawn from the available evidence."))). The Defendant denies that the Plaintiff has proved that the Defendant was negligent. The Defendant also argues that the Plaintiff has not eliminated the possibility that he was contributorily negligent.

The Indiana Supreme Court has stated that summary judgment "is rarely appropriate in negligence cases." *Steel v. Rust*, 830 N.E.2d 62, 69 (Ind. Ct. App. 2005). "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Id.* (citing *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004)).

Tort claims under Indiana law are governed by the Indiana Comparative Fault Act. This statute went into effect in 1985 and therefore the 1941 case cited by the Plaintiff does not speak to whether it is appropriate to find a party liable *per se* under current Indiana law. Under a comparative fault law, unlike under general negligence principles, issues of fault or negligence are matters of degree.

> Under the Indiana Comparative Fault Act, the jury considers "the fault of all persons who caused or contributed to cause the alleged injury." Ind. Code § 34-51-2-7(b). The Act declares that the "requirements of causal relation" apply to the determination of fault. I.C. § 34-51-2-3. . . . Under this view, a jury's assessment of

      proportional fault includes consideration of the relative degree of causation attributable among the responsible actors. The process by which a jury analyzes the evidence, reconciles the views of its members, and reaches a unanimous decision is inherently subjective and is entitled to maximum deference. The Comparative Fault Act entrusts the allocation of fault to the sound judgment of the fact-finder.

*Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1056 (Ind. 2003) (citation omitted).

      Having resolved all reasonable disputes in Defendant Wolfe's favor, the Court finds that issues of material fact remain that prevent the Court from granting the Plaintiff's Motion for Partial Summary Judgment. It is for the jury, and not for this Court, to determine which, if any, Parties were negligent in this case and furthermore decide each Party's share of the responsibility for this unfortunate collision.

## CONCLUSION

      For the reasons stated above, the Court DENIES the Plaintiff's Motion for Partial Summary Judgment that Defendant Glenn E. Wolfe is Negligent [DE 39].

      SO ORDERED on August 11, 2005.

                                                        S/ Theresa L. Springmann  
                                                        THERESA L. SPRINGMANN  
                                                        UNITED STATES DISTRICT COURT